IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA,<br><br>Defendant. | CASE NO.<br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff United States of America ("United States") alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2. This Court has jurisdiction over this action under 42 U.S.C. §§ 2000e-5(f) and 2000e-6(b), 28 U.S.C. §§ 1331, 1343 and 1345.

3. Defendant School District of Philadelphia ("School District") is a local government entity that maintains places of business in this judicial district, and a substantial part of the events giving rise to this action took place in this judicial district.

4. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer or agent of an employer within the meaning of 42 U.S.C. § 2000e(b).

5. The School District of Philadelphia is based in the city of Philadelphia, Pennsylvania.

6. The School District employs, among others, School Police Officers to maintain security at its facilities.

7. Upon information and belief, prior to February 2012, the School District also employed "Per Diem" Officers, who were subject to similar grooming policies as School Police Officers.

8. Siddiq Abu-Bakr ("Abu-Bakr") is a School Police Officer with the School District of Philadelphia.

9. The School District hired Abu-Bakr as a School Security Officer in approximately 1987, and although his title was changed to School Police Officer on an unknown date, his duties did not change and he has worked in that same capacity, though on different assignments and shifts, continuously since his hiring.

10. Abu-Bakr adheres to the Islamic faith and, consistent with his religious beliefs, observance and practice has maintained an untrimmed beard longer than one-quarter inch since at least the time of his hire in approximately 1987.

11. In approximately October 2010, Abu-Bakr's supervisor informed him that he should trim his beard in anticipation of a grooming policy revision that would prohibit School Police Officers from wearing beards longer than one-quarter inch.

12. Abu-Bakr informed his supervisor that he could not trim his beard because that would violate his religious beliefs, observance and practice.

13. Abu-Bakr did not trim his beard and the new grooming policy went into effect.

14. On approximately October 25, 2010, Abu-Bakr's supervisor issued a memorandum to Abu-Bakr indicating that Abu-Bakr was in violation of the grooming policy and that continued violation would result in "further disciplinary action."

15. Abu-Bakr received a letter on approximately November 15, 2010, from Andrew Rosen, Director of Employee Relations with the School District.

16. In the letter, Rosen wrote that he had received Abu-Bakr's request for a religious accommodation and also a letter from Abu-Bakr's imam confirming that Abu-Bakr's religion prohibited trimming of a beard.

17. Rosen wrote that the School District would not accommodate Abu-Bakr because the "integrity of the policy outweigh[ed]" Abu-Bakr's request for accommodation.

18. The School District did not expunge the October 25, 2010 memorandum from Abu-Bakr's personnel file.

19. Abu-Bakr still works for the School District as a School Police Officer and remains in violation of the grooming policy.

20. Upon information and belief, other School Police Officers and/or "Per Diem" Officers have shaved or trimmed their beards to comply with the School District's grooming policy, in violation of their religious beliefs, observances and practices.

## STATEMENT OF CLAIMS

21. The School District's policy of failing or refusing to accommodate those individuals who cannot trim their beards because of their sincerely held religious beliefs constitutes a pattern or practice of failure to accommodate religious beliefs, practices or observances in violation of Section 707 of Title VII, 42 U.S.C. § 2000e-6.

22. The School District has violated Title VII with respect to Abu-Bakr and other similarly-situated individuals in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by failing or refusing to accommodate these individuals' religious beliefs,

practices or observances and by failing to take appropriate action to remedy the effects of this discriminatory treatment.

23. The Equal Employment Opportunity Commission ("EEOC") received a timely charge of discrimination from Abu-Bakr. Pursuant to Section 706 of Title VII, the EEOC investigated the charge and found reasonable cause to believe that Abu-Bakr and other similarly-situated employees or prospective employees were subject to an unlawful failure to accommodate religious beliefs, practices or observances, in violation of Title VII. The EEOC referred the matter to the United States Department of Justice after an unsuccessful attempt to conciliate the charge.

24. All conditions precedent to the filing of this Title VII suit have been performed or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court grant the following relief:

(a) Enjoin Defendant from pursuing its policy of prohibiting beards longer than one-quarter inch without exception for the sincerely held religious beliefs, observances, or practices of its School Police Officers;

(b) Require Defendant to adopt a grooming policy that complies with Title VII;

(c) Award all appropriate monetary relief, including back pay where applicable, to Abu-Bakr and other similarly-situated School Police Officers and former Per Diem Officers in an amount to be determined at trial to make them whole for the loss they suffered as a result of the discriminatory conduct alleged in this Complaint;

(d) Award Abu-Bakr and other similarly-situated individuals any prejudgment interest on the amount of lost wages and benefits determined to be due;

(e) Award compensatory damages to Abu-Bakr and to other similarly-situated School Police Officers and former Per Diem Officers to fully compensate them for the pain, suffering, and medical expenses caused by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

(f) Order Defendant to institute policies, practices, and programs to ensure a non-discriminatory workplace, including but not limited to implementing appropriate policies to ensure equal employment opportunity for its employees, and providing adequate training to all employees and officials regarding discrimination and retaliation; and

(g) Award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Dated: March 5, 2014

                    JOCELYN SAMUELS
                    Acting Assistant Attorney General
                    Civil Rights Division

BY: _____
                    DELORA L. KENNEBREW (GA Bar No. 414320)
                    Chief
                    Employment Litigation Section

_____
LOUIS LOPEZ (DC Bar No. 461662)
Deputy Chief
Louis.Lopez@usdoj.gov


_____
RAHEEMAH ABDULALEEM (PA Bar No. 201476)
Raheemah.Abdulaleem@usdoj.gov


_____
CATHERINE SELLERS (WA Bar No. 44563)
Catherine.Sellers@usdoj.gov
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4910
Washington, DC  20530
Telephone:  (202) 307-2034
Facsimile:  (202) 514-1005

Attorneys for Plaintiff United States of America