UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> SCHOOL DISTRICT OF PHILADELPHIA </br></br> Defendant. | Civil Action No. 2:14-CV-01334 </br></br> SETTLEMENT AGREEMENT |

**SETTLEMENT AGREEMENT AND RELEASE**

**WHEREAS**, Plaintiff United States of America ("United States") filed the above-captioned action against Defendant the School District of Philadelphia ("School District"), alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

**WHEREAS,** the School District denied the United States' allegations;

**WHEREAS**, the United States and the School District desire to fully resolve all claims, including all claims for attorneys' fees, litigation costs, and expenses the United States asserted or possibly could have asserted in the above-captioned action at any time until the full execution of this Settlement Agreement and Release;

**NOW, THEREFORE**, intending to be legally bound and in consideration of the mutual promises contained herein, the parties hereby enter into this Settlement Agreement and Release (hereinafter "this Agreement") and agree to the following terms:

1. **Parties**

    a. The parties to this Agreement are the United States and the School District.

    b. The School District and its current, former, and future agents, employees, officials, designees and successors in interest are hereinafter referred to collectively as the "School District."

2. **Settlement payment/consideration**

    In consideration for the promises and releases by the United States set forth in this Agreement, the School District agrees to:

    a. Within forty-five (45) days from the date of entry of this Agreement, provide the United States with a copy of the School District's revisions to the School Police Officer Proper Attire & Appearance Policy ("Proper Attire Policy"), which shall include a more detailed

1

process by which current and prospective School Police Officers may request a religious accommodation. Specifically, the revisions shall include:

    i. A description of the procedure to be used by current and prospective School Police Officers who wish to request a religious accommodation from the School District, including: a request form that requires a current or prospective School Police Officer to specify the accommodation requested; a form that requires the School District to specify whether the request is approved or disapproved, including the reasons for any disapproval; and information on the School District office or representative to whom requests for religious accommodation should be addressed.

    ii. Notice to current and prospective School Police Officers that their requests for religious accommodation will be reviewed on an individualized basis and, before any such requests are denied, the School District shall engage in an interactive process with the current or prospective School Police Officer and explore the possibility of an alternate form of accommodation that would not result in undue hardship on the School District. The School District shall document the result of the interactive process.

    iii. Notice to those current or prospective School Police Officers whose requests for an accommodation have been denied after the interactive process of their right to file a timely complaint with the EEOC.

    iv. Notice to current and prospective School Police Officers that the School District will not retaliate or take any adverse action against them for requesting a religious accommodation.

b. After providing the United States an opportunity to review and comment on the revisions to the Proper Attire Policy, confer in good faith with the United States and attempt to resolve any disagreements about the Proper Attire Policy revisions. If the United States notifies the School District that it is satisfied with the language of the revisions, the School District shall implement the revised policy no later than thirty (30) days after said notification. If the United States and the School District cannot resolve a disagreement concerning the revisions within thirty (30) days, either party may submit the matter to the Court for resolution following the thirty (30) day period, but no later than twenty-one (21) days thereafter.

c. Within thirty (30) days from the date the School District has implemented the revised Proper Attire Policy, integrate the revisions into the pertinent sections of its School Police handbook or manual and distribute the policy to all current School Police Officers, or inform all current School Police Officers how to access the policy. The School District will also distribute the revisions to all attendees of any School Police orientation or training program for new School Police Officers and include reference to the policy in its School Police job application materials.

d. Within one-hundred and twenty (120) days from the date of entry of this Agreement, begin providing mandatory training regarding the revised Proper Attire Policy for all School District supervisors, managers, human resources officials, and other individuals who may receive inquiries from School Police Officers regarding the revised policy. These individuals will receive training on the School District's obligations under Title VII to

       accommodate current and prospective School Police Officers' religious beliefs, observances, and/or practices, unless the accommodation would pose an undue hardship to the School District; the revised policy; and the process for directing School Police Officers to the School District's Office of the Deputy for Employee Relations, which is responsible for deciding whether to approve or deny all requests for religious accommodation. This training may be live instructional training or may take the form of video or computer-based training.

e.    Within sixty (60) days from the date of entry of this Agreement, provide the United States with a description of the proposed training provider and training program, along with the training materials and a list of employee positions (with titles) designated to be trained. The United States and School District shall thereafter confer in good faith regarding any disagreements concerning the training. If the United States and the School District cannot resolve a disagreement concerning the training within thirty (30) days, either party may submit the matter to the Court for resolution following the thirty (30) day period, but no later than twenty-one (21) days thereafter. Once all disputes concerning the training have been resolved, the School District shall implement the training within twenty (20) days.

f.    Require that all persons who undergo such training sign an acknowledgment of attendance at the training. The School District shall keep on file all signed acknowledgements for the duration of this Agreement.

g.    Mandate the training referenced in sub-paragraphs "d"-"f" once during an academic year. Should the School District appoint a new Deputy for Employee Relations, the School District will mandate and administer such training thirty (30) days after appointment. For all other newly hired or promoted individuals referenced in sub-paragraph d, the School District will mandate and administer such training thirty (30) days after hire or promotion.

h.    Retain all records and documents, including electronic mail, relating to the procedures, terms, and implementation of the revised Proper Attire Policy developed under this Agreement including, but not limited to, request forms for a religious accommodation, forms indicating whether the requested accommodation was approved or denied, documents relating to approvals and denials of School Police Officers' religious accommodation requests, documents relating to the interactive process engaged in with School Police Officers, and any documents indicating any modification or revision to the religious accommodation policy developed under this Agreement. During the term of this Agreement and upon request of the United States, the School District shall provide copies of all documents and records covered by this sub-paragraph to the United States within thirty (30) days of such request, or make them available for inspection and copying. The United States shall be limited to making such requests no more than two (2) times in a school year.

i.    Retain all records and documents, including electronic mail, relating to the training on religious accommodation. Every six (6) months, the School District will provide the United States with the number of persons, by title, who have attended the training. Thirty (30) days prior to the expiration of this Agreement, the School District will provide the United States with a list of all persons, by title, who attended the training. The School District will keep on file all signed acknowledgments for the duration of the Agreement.

j.    Retain all records and documents, including electronic mail, relating to any complaints, grievances, or charges of discrimination filed by School Police Officers concerning the

       revised Proper Attire Policy developed under this Agreement, the interactive process, and/or the School District's implementation of the revisions. During the term of this Agreement and upon request of the United States, the School District shall provide copies of all documents and records covered by this sub-paragraph to the United States within thirty (30) days of such request, or make them available for inspection and copying. The United States shall be limited to making such requests no more than two (2) times in a school year.

k.    Within seven (7) days from the date of execution of the Agreement, notify Lynnwood Taylor ("Mr. Taylor") and Corey Pittman ("Mr. Pittman") of the individual relief being afforded them under the terms of this Agreement by mailing to them, by certified mail, return receipt requested, a Notice Letter, a Release Form, and a copy of this Agreement. The Notice Letter will advise them that, in order to accept the individual relief offered them, they must execute the Release Form, and return it to the School District, by hand or certified mail, within thirty (30) days of their receipt of the Notice Letter.

l.    Cause to be paid to Mr. Taylor, the total sum of FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500.00), which will be considered compensatory damages, within sixty (60) days from receipt of an executed Release Form from Mr. Taylor. This amount is not subject to withholding deductions, and the School District will issue a Form 1099 to Mr. Taylor for this amount, checking Box 3 for "other income."

m.    Cause to be paid to Mr. Pittman, the total sum of FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500.00), which will be considered compensatory damages, within sixty (60) days from receipt of an executed Release Form from Mr. Pittman. This amount is not subject to withholding deductions, and the School District will issue a Form 1099 to Mr. Pittman for this amount, checking Box 3 for "other income."

n.    The School District shall pay the monetary awards specified in Paragraphs. 1.l. and 1.m. by certified or bank check or by direct deposit.

o.    The School District shall provide to the United States copies of the checks or direct deposit records at the time it pays the monetary awards to Mr. Taylor and Mr. Pittman.

p.    Within forty-five (45) days from receipt of executed Release Forms from Mr. Taylor and Mr. Pittman, expunge from the disciplinary and/or personnel records of Mr. Taylor and Mr. Pittman any reference to proposed or actual disciplinary action taken against Mr. Taylor and Mr. Pittman concerning violations of the Proper Attire Policy. In addition, if the School District is contacted for a reference check for Mr. Pittman or Mr. Taylor, the School District agrees not to make any reference to any formal objections or complaints they raised regarding the Proper Attire Policy, requests for accommodations to the Proper Attire Policy, the proposed or actual disciplinary action taken against them concerning violations of the Proper Attire Policy, or this action or Agreement.

**3.**    **<u>Release</u>**

       For and in consideration of the above relief, the United States releases and forever discharges the School District of Philadelphia, the School Reform Commission and all current and former agents, servants, workers, and/or employees of the School District and School Reform Commission from any and all claims, liabilities, demands, or causes of action occurring prior to the date of execution of this Agreement, including attorney's fees and costs, whether known or unknown, foreseen or unforeseen,

fixed or contingent, that the United States asserted or possibly could have asserted in the above-captioned action. This Release specifically includes any and all claims for attorney's fees and costs that are or were incurred by the United States for any reason.

4. **Non-Admission of Liability**

This settlement is made in compromise of disputed claims and for the sole purpose of avoiding the expense and inconvenience of continued litigation. By entering into this Agreement, the School District does not admit, either directly or by implication, any violation of any law, statute, regulation, or ordinance. To the contrary, the School District expressly denies any violation of law, statute, regulation or ordinance in connection with the above-captioned action. Neither this Agreement nor the settlement of the above-captioned action shall be construed in any court or body as an admission of liability on the part of the School District (including any unnamed current or former agents, servants, workers, or employees of the School District and/or the School Reform Commission).

5. **Governing Law**

Any disputes concerning the interpretation and performance of this Agreement shall be resolved according to the laws of the Commonwealth of Pennsylvania without regard to any choice of law provisions thereof, unless the dispute requires an interpretation or construction of Title VII or a resolution of the parties' legal rights or obligations under Title VII. To the extent that any dispute requires an interpretation or construction of Title VII or a resolution of the parties' legal rights or obligations under Title VII, the provisions of Title VII, its regulations, and applicable federal case law shall apply.

6. **Preclusion from Introduction**

Neither this Agreement nor the settlement of the above-captioned action shall be offered or received in evidence in any action or legal proceeding except for a proceeding to enforce this Agreement.

7. **Entire Agreement and Severability**

This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof and shall not be amended, modified, or amplified without specific written provisions to that effect signed by all of the parties. No oral statement of any person shall, in any manner or degree, modify or otherwise affect the terms of this Agreement. If any provision, paragraph, or portion of this Agreement is deemed to be unlawful or unenforceable, the remainder of the Agreement shall continue in full force and effect. To the extent the terms of this Agreement and any other Agreement between the parties conflict, the terms of this Agreement shall govern and supersede such inconsistent terms.

8. **Settlement of All Claims for Fees and Costs**

This Settlement Agreement and Release constitutes a settlement of any and all claims for fees and costs, including but not limited to, expenses and attorney's fees incurred in connection with the litigation and claims. Accordingly, the parties will not file any petition for attorney's fees or costs.

9. **Tenses**

All references to the conjunctive include the disjunctive and vice versa. All references to the singular include the plural and vice versa. The masculine includes the feminine or vice versa. The past tense includes the present tense when the clear meaning is not changed by a change in tense.

10. **Understanding, Negotiation and Deliberation**

The United States acknowledges that it has read this Agreement and has been provided with a sufficient opportunity to deliberate concerning the terms of this Agreement. The United States further acknowledges that, as a result of deliberations, all waivers and promises contained in this Agreement are made knowingly and voluntarily. The United States further acknowledges that it has consulted with and/or advised Mr. Taylor and Mr. Pittman of their right to consult with an attorney concerning the terms of this Agreement and the Release Forms identified in paragraph 2.k. of this Agreement.

All parties have had the opportunity to negotiate over the terms of this Agreement and agree that this Agreement shall not be construed as drafted solely by any one party. Rather, this Agreement shall be construed as mutually agreed upon terms which were the product of good faith and arms-length negotiations between equal parties. All parties agree that the terms of this Agreement are clear and understandable, and each party has a full understanding of the terms and significance of this Agreement.

11. **Headings**

Headings in this Agreement are for convenience only and shall have no legal effect.

12. **Dispute Resolution**

The parties to this Agreement shall endeavor in good faith to resolve informally any disputes that may occur under this Agreement. If the parties are unable to reach agreement within thirty (30) days after a matter has been brought to the attention of one of the parties by another party, the issue may be submitted to the Court for resolution.

13. **Jurisdiction of the Court**

The instant matter shall be dismissed pursuant to Local Rule 41.1(b) subject to the Court's retention of jurisdiction as set forth herein. The Court shall retain jurisdiction of this action for the duration of the Agreement for the purposes of enforcing the Agreement's provisions and resolving any disputes that may arise between the parties concerning the terms or implementation of the Agreement.

The parties consent to the jurisdiction of Magistrate Judge David R. Strawbridge to resolve any disputes arising under the Agreement.

14. **Duration of This Settlement Agreement**

This Agreement is effective upon its execution by all parties, and shall remain in effect for eighteen (18) months from the date the School District completes the training provided under paragraph 2.d.

15. **Contact for the Parties**

All documents required to be delivered under this Agreement to the United States shall be sent to the following address if sent by U.S. mail:

    Raheemah Abdulaleem
    Catherine Sellers
    Employment Litigation Section
    Civil Rights Division

        U.S. Department of Justice
        PHB, Fourth Floor
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530

Documents sent by overnight delivery service should be sent to the following address:

        Raheemah Abdulaleem
        Catherine Sellers
        Employment Litigation Section
        Civil Rights Division
        U.S. Department of Justice
        601 D Street, N.W., Room 4910
        Washington, D.C. 20579

By written consent of the parties, documents may be sent via electronic mail to Raheemah Abdulaleem (raheemah.abdulaleem@usdoj.gov) and Catherine Sellers (catherine.sellers@usdoj.gov).

All documents required to be delivered under this Agreement to the School District shall be sent to the following address:

        Talib Ellison
        Office of General Counsel
        School District of Philadelphia
        440 N. Broad Street, Suite 313
        Philadelphia, PA 19130

By written consent of the parties, documents may be sent via electronic mail to Talib Ellison (tellison@philasd.org).

## 16. **Authorization**

Each person executing this Agreement hereby represents and warrants that he or she is fully and legally empowered to execute and deliver this document on his or her own behalf or on the behalf of the party he or she represents.

**NOW, THEREFORE**, the undersigned parties and their counsel declare that the parties voluntarily and knowingly enter into this Agreement.

Counsel For Plaintiff United States of America:

MOLLY J. MORAN
Acting Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW (GA 414320)
Chief

BY: *[signature]* 9/5/14
SHARYN A. TEJANI (DC 456150)
Deputy Chief
RAHEEMAH ABDULALEEM (PA 201476)
Senior Trial Attorney
CATHERINE SELLERS (WA 44563)
Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 305-4267 (telephone)
(202) 514-1105 (facsimile)

Counsel for Defendant School District:

*[signature]* 9/5/14
MICHAEL A. DAVIS (PA 26534)
Office of General Counsel
School District of Philadelphia
440 N. Broad Street, Suite 313
Philadelphia, PA 19130

(215) 400-5416 (telephone)
(215) 400-4121 (facsimile)